# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-027-RJC-DCK

| | |
|---|---|
| AARON PHIFER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF CHARLOTTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion to Strike Portions Of Plaintiff's Complaint" (Document No. 4). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Plaintiff Aaron Phifer ("Plaintiff" or "Phifer") initiated this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina on December 17, 2018. Plaintiff asserts claims against the City Of Charlotte ("Defendant" or "Charlotte") based on alleged race and color discrimination and retaliation related to the Charlotte Fire Department's ("CFD") failure to hire Plaintiff as a firefighter. (Document No. 1-1). The Complaint notes that Plaintiff's father is a 28 year veteran of the CFD and that his mother is a 26 year veteran of the CFD, but alleges that Plaintiff was not hired by the CFD based on his race and because his mother spoke out for diversity, inclusion and equal opportunity for Black/African American firefighters. (Document No. 1-1, p. 1). Defendant filed its "Notice Of Removal" (Document No. 1) based on federal question jurisdiction with this Court on January 18, 2019.

The pending "Defendant's Motion to Strike Portions Of Plaintiff's Complaint" (Document No. 4) was filed on February 18, 2019, and referred to the undersigned on August 14, 2018. By the instant motion Defendant seeks to strike seven (7) paragraphs from the Complaint because they are immaterial and prejudicial. (Document No. 4). This motion has been fully briefed and is ripe for review and disposition. See (Document Nos. 5, 8, and 9).

## STANDARD OF REVIEW

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Though generally disfavored, courts have broad discretion in ruling on motions to strike. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001). "The issue before the Court on a Rule 12(f) motion is not whether evidence is admissible, but whether it is immaterial, impertinent, and scandalous." Fender v. Biltmore Forest Country Club, Inc., 1:18-CV-043-DLH, 2018 WL 1995532, at *1 (W.D.N.C. April 27, 2018) (quoting Lane v. Endurance Am. Specialty Ins. Co., 3:10-CV-401-MOC-DCK, 2011 WL 1343201, at *3 (W.D.N.C. April 8, 2011)).

> Immaterial describes matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.). Impertinent describes matter that "do[es] not pertain, and [is] not necessary, to the issues in question." Id. Scandalous material includes matter that reflects on a party's moral character or detracts from the dignity of the court. See Cobell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004).

Id.

## DISCUSSION

Defendant contends the following paragraphs in Plaintiff's Complaint are immaterial and prejudicial and should, therefore, be stricken:

> 18. In its earliest years, the City's fire brigade consisted of volunteer companies segregated on the basis of race. Once the City's firefighters were paid, Black/ African Americans were excluded.
>
> 19. Although the law changed in 1947 so that the CFD could legally hire Black/ African American firefighters, the CFD did not actually hire any Black/African Americans until 1967-a full twenty years later.
>
> 21. Upon information and belief, under Chief Fincher, the CFD was approximately 85% white and approximately 15% Black/African American.
>
> 22. With Hannan as the Administrative Deputy Chief, the overall percentage of Black/African Americans in the CFD dropped from 15% in 2000 to 11 % in 2007.
>
> 23. Upon information and belief, in 2000, the area served by the CFD was 27.9% Black/ African American.
>
> 24. Upon information and belief, Hannan was selected for promotion by Chief Fincher to deputy without the minimum qualifications having served as Battalion Chief for at least 3 years, as part of unlawful favoritism instituted by Chief Fincher, Hannan continued to use unlawful favoritism, which was not merit based, in the recruiting, assignment, and promotional processes, which included discriminatory treatment and adverse impact on Blacks/African Americans.
>
> 99. The City/CFD has been aware of the issues with hiring and recruitment and how to deal with them as a result of prior lawsuits, grievances, EEOC Charges, consultant recommendations, City data. The City including Legal, HR, the City Manager, the Mayor, City Council, and CFD know how to deal with and respond to these issues because they have knowledge and access to information from other City departments, external organizations, and consultants, and have chosen not to act, to allow regression, and are deliberately indifferent. They also know based on past lawsuits against the City/CFD related to race and color discrimination and retaliation.

(Document No. 1-1, pp. 8-9, 22).

Paragraphs 18, 19, and 99 of the Complaint in this action are identical to paragraphs 21, 22, and 295 of the Complaint in the related action Sylivia Smith-Phifer and Lance Patterson v.

3

City Of Charlotte, 3:19-CV-026-RJC-DSC, (Document No. 1-1, pp. 9, 65-66) (W.D.N.C. Jan. 18, 2019).¹  On August 14, 2019, the Honorable David S. Cayer directed that those paragraphs, among others, in the Smith-Phifer case be stricken.  3:19-CV-026-RJC-DSC, (Document No. 12).  See also, Will Summers v. City Of Charlotte, 3:18-CV-612-RJC-DSC (Document No. 13) (striking Document No. 1-1, ¶¶ 15, 21, and 23).  Sylvia Smith-Phifer and Lance Patterson subsequently filed objections to Judge Cayer's ruling;  however, their objections did not include opposition to Judge Cayer striking paragraphs 21, 22, and 295.  See 3:19-CV-026-RJC-DSC, (Document No. 14).

In this case, Defendant City Of Charlotte argues that paragraphs 18, 19, and 21-23 of the Complaint are part of a "self-styled history lesson" that has "no essential or important relationship to Plaintiff's current claims for relief in the year 2018 and do not pertain to, and are not necessary for the issues in question." (Document No. 5, p. 4) (citing Document No. 1-1, pp. 8-9).  Defendant contends these paragraphs are "irrelevant, inflammatory, and highly prejudicial."  Id.

Regarding paragraph 24, Defendant argues that the claim suggests intentional, unethical conduct supported by nothing more than an 'upon information and belief.'" (Document No. 5, pp. 4-5).  Defendant contends these allegations are scandalous and unrelated to the Plaintiff's claims for relief.  (Document No. 5, p. 5).

Defendant further argues that Plaintiff's references to prior lawsuits and EEOC Charges in paragraph 99 are also highly prejudicial and immaterial to the instant action.  Id.  Defendant notes that this Court has recently held that "[w]ithout question, Plaintiff's inclusion of other people's EEOC charges is immaterial to *Plaintiff's claims* for relief."  (Document No. 5, p. 6) (quoting Fender, 2018 WL 1995532, at *1).

---

¹ Sylvia Smith-Phifer is Plaintiff Aaron Phifer's mother.  (Document No. 1-1, p. 1).

4

In opposition, Plaintiff argues that paragraphs 18, 19, and 21-23 "provide historical context, public information, legislative history, and facts about CFD's discriminatory pattern and practice of failing to hire and promote Black/African Americans." (Document No. 8, p. 3). Plaintiff suggests that the historical context provided by these paragraphs is meaningful and helpful to provide context and "highlight patterns of race and color discrimination." (Document No. 8, p. 6) (citations omitted).

Next, Plaintiff argues that paragraph 24 of the Complaint is not "scandalous" and there is no basis to strike. (Document No. 8, p. 7). Plaintiff contends that paragraph 24 is "not only colorable, but also couched in factual record." Id. Plaintiff goes on to assert that the disputed allegations "involve a pattern and practice of race and color discrimination and retaliation against those who complain and these allegations go to the heart of the issue." (Document No. 8, p. 8).

Finally, Plaintiff argues that paragraph 99 should not be stricken because it is "extremely relevant and bears directly on deliberate indifference, an essential element of Plaintiff's 42 U.S.C. § 1983 claim." Id. Moreover, Plaintiff contends that Defendant's knowledge of illegal practices is relevant to the Title VII and 42 U.S.C. §1981 claims. Id.

In conclusion, Plaintiff argues that Defendant's motion is premature in that it raises evidentiary issues that are not ripe until the motion *in limine* stage. (Document No. 8, p. 11) (citing Pridgeon v. Pegram, 3:13-CV-467-FDW-DCK, 2014 WL 1910789, at *3 (W.D.N.C. May 13, 2014).

In reply, Defendant argues:

> a complaint should set forth factual allegations which satisfy the specific elements of the causes of action alleged by a plaintiff. The City is challenging improper material in 7 paragraphs, none of which turn on disputed issues of fact or law. The "allegations" in question do not establish the cause of action or summarize Plaintiff's relevant allegations. They are not necessary to the issues in

5

> question. Rather, the inclusion of these paragraphs and exhibit references are highly prejudicial to the City of Charlotte and immaterial to Plaintiff's causes of action. They have no place in the Complaint and serve no purpose other than to put the City of Charlotte in a negative light and prejudice the Court.

(Document No. 9, pp. 1-2).

Defendant goes on to contend that Plaintiff is attempting to use evidence obtained in unrelated actions to "muddy the waters" here. (Document No. 9, p. 3). In conclusion, Defendant summarizes that:

> Plaintiff's conclusory references are completely lacking any information to suggest that any of the "prior lawsuits, grievances, EEOC Charges, [or] consultant recommendations" are similar to the present case and instead, smack of an attempt to paint the City with the brush of guilt simply by mentioning these documents exist. These references are highly prejudicial to the City of Charlotte and should be stricken from Plaintiff's Complaint.

Id.

Based on the foregoing, and noting Judge Cayer's recent decisions resolving similar, if not identical, issues, the undersigned will grant Defendant's motion. See Summers v. Charlotte, 3:18-CV-612-RJC-DSC (Document No. 13) (W.D.N.C. Aug. 14, 2019) and Smith-Phifer v. Charlotte, 3:19-CV-026-RJC-DSC (Document No. 12) (W.D.N.C. Aug. 14, 2019). The undersigned is persuaded that the paragraphs now at issue in this case involve historical allegations and allegations of unethical conduct that appear to be prejudicial and immaterial to this Plaintiff's claims based on alleged discrimination and/or retaliation in or about 2017. See (Document No. 1-1, ¶¶ 18, 19, 21-23, 24, 99).

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion to Strike Portions Of Plaintiff's Complaint" (Document No. 4) is **GRANTED**.

**SO ORDERED**.

Signed: September 17, 2019

David C. Keesler
United States Magistrate Judge